IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>           **Plaintiff,**<br><br>v.<br><br>THE HOME DEPOT / HOME DEPOT U.S.A., INC.,<br>           **Defendant.** | )<br>)<br>)<br>)  Case No. 1:17-cv-06990<br>)<br>)<br>)  JUDGE GETTLEMAN<br>)  MAGISTRATE JUDGE COX<br>)<br>)<br>) |

## CONSENT DECREE

1.      Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against The Home Depot/Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") under the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. EEOC alleged that Defendant violated the ADA by failing to accommodate Charging Party April Stevenson and by terminating her employment because of her disability.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action.

## FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.      This Court has jurisdiction of the subject matter of this action and of the parties.

1

 b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties, Stevenson, and the public are adequately protected by this Decree.

 c. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of the ADA, and will be in the best interests of Stevenson, the parties, and the public.

**WHEREFORE**, upon the consent of the parties, **IT IS ORDERED, ADJUDGED AND DECREED THAT:**

### INJUNCTION AGAINST DISABILITY DISCRIMINATION

4. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from discriminating at Store Number 1977, located at 4242 Venture Drive, Peru, Illinois (the "Peru Store") on the basis of disability by failing to provide reasonable accommodations for disability-related breaks and terminating employees on the basis of disability.

### INJUNCTION AGAINST RETALIATION

5. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it shall not engage in any form of retaliation at the Peru Store against any person because such person has opposed any practice as unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## POSTING OF NOTICE

6. Within seven (7) calendar days after entry of this Decree, Defendant shall post at the Peru Store, same-sized copies of the Notice attached as **Exhibit A** to this Decree on bulletin boards usually used for communicating with all employees. The Notice shall remain posted for two years from the date of entry of this Decree.

7. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Defendant shall certify to EEOC in writing within fourteen (14) calendar days after entry of this Decree that the Notices have been properly posted. Defendant shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during business hours without advance notice.

## MONETARY RELIEF

8. Within the later of (i) fifteen (15) calendar days after entry of the Decree by the District Court or (ii) fifteen (15) calendar days after Defendant receives both the Release attached as **Exhibit B** signed by April Stevenson and a completed IRS Form W-9, Defendant shall pay April Stevenson the gross sum of $100,000 as back pay and compensatory damages. Of the gross sum, $25,000 shall be designated as back wages, and $75,000 shall be designated as compensatory damages. The amount designated as back wages shall be subject to any required tax withholdings and deductions, for which Home Depot shall issue an IRS Form W-2. Home Depot may not deduct the employer's share of applicable taxes from the amount to be paid as back wages. Home Depot shall issue an IRS Form 1099 for the amount designated as compensatory damages. Home Depot shall send payment by two checks via Certified or Registered Mail, or another delivery service that allows tracking. Contemporaneously, Home Depot shall submit copies of the checks to EEOC.

## TRAINING

9. During each of the two (2) years covered by this Decree, Defendant shall train all managers, supervisors and human resource personnel (to include the Associate Support Department Supervisor and the District Human Resource Manager) for the Peru Store regarding: (i) the duty to accommodate employees under the Americans with Disabilities Act; (ii) Defendant's policies and procedures for requesting and providing accommodations to employees for disability-related absences; (iii) the range of accommodations available at Defendant's facilities; and (iv) their responsibilities in the reasonable accommodation process. The first training shall take place within ninety (90) calendar days of entry of this Decree. The subsequent annual training shall take place within ninety (90) calendar days following the first anniversary of the entry of the Decree.

10. Defendant shall obtain EEOC's approval of its proposed trainer(s) and the proposed training content prior to each training session. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), training proposal(s), and any materials to be distributed to the participants, to EEOC at least thirty (30) calendar days prior to the proposed date(s) of each training. EEOC shall have fourteen (14) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s), training proposal(s), and/or training material. In the event EEOC does not approve Defendant's designated trainer(s), proposal(s), and/or training material, Defendant shall have five (5) calendar days to identify an alternate trainer(s) or make changes to the proposal(s) and/or training material. EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the proposed changes. If the parties cannot, through this process, agree on a trainer(s) and/or the training content, they may seek the Court's assistance under Paragraph 18.

11. Defendant shall certify to EEOC in writing within fourteen (14) calendar days after each training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training, (ii) a copy of an attendance list, which shall include the name and position of each person in attendance, and (iii) a list of the managers, supervisors, and human resources personnel at the Peru Store at the time of the training, and (iv) copies of all materials distributed to the participants if different from those materials previously provided pursuant to Paragraph 10.

12. Within one hundred twenty day (120) of the entry of this Decree, Defendant shall make reasonable efforts to verbally communicate to all active non-management employees at the Peru Store an overview of their rights under the ADA, including: (i) the duty to accommodate employees under the Americans with Disabilities Act; (ii) Defendant's policies and procedures for requesting and providing accommodations to employees for disability-related absences; and (iii) the range of accommodations available at Defendant's facilities. The reasonable communication efforts Defendant shall undertake include: (i) a discussion led by the Regional Associate Relations Manager (also known as the Territory Associate Relations Manager) for the Peru Store at an all-employee meeting for the Peru Store, before which the Store Manager provides an introduction; and (ii) two subsequent visits to the Peru Store by the Regional Associate Relations Manager or District Human Resource Manager for the purpose of communication with any employees who were not present at the all-employee meeting. In addition, Defendant shall post alongside the Notice described in Paragraph 6 a second notice that shall include information which identifies the name, telephone number, and email addresses of the Regional Associate Relations Manager and District Human Resources Manager who will serve as points of contact for employees who have questions about their rights under the ADA,

wish to request a reasonable accommodation for a disability, and/or wish to complain about ADA-related discrimination, harassment or retaliation. This second notice shall remain posted for two (2) years following the entry of this Decree. Defendant shall take all reasonable steps to ensure that this second posting is not altered, defaced, or covered by any other material.

13. Defendant shall certify to EEOC in writing within fourteen (14) calendar days after the second visit referenced in Paragraph 12 that (i) the communication at the all-employee Peru Store meeting occurred and the date it occurred; (ii) the two subsequent visits by the Regional Associate Relations Manager or District Human Resources Manager occurred, the dates of each visit, and identifying the individual who made each visit; and (iii) the posting referenced in Paragraph 12 is posted.

## **RECORD KEEPING**

14. For a period of two (2) years following entry of this Decree, Defendant shall maintain a record of all requests made known to the Regional Associate Relations Manager or District Human Resources Manager by employees of its Peru Store location for a reasonable accommodation based on disability. Defendant shall instruct the Associate Support Department Supervisor for the Peru Store that if any such requests are received by that individual, they must promptly be reported to the Regional Associate Relations Manager and/or the District Human Resource Manager. Such records shall include the following:

(a) each employee's name, address, and phone number;

(b) a description of each employee's job, including job title;

(c) a description of each employee's known disability(ies) (including copies if any are obtained of any reports of attending physicians or other medical personnel, or other documents reflecting doctor's restrictions or releases obtained or received

    by Home Depot);

 (d) a description of the employee's request for accommodation;

 (e) Home Depot's response to each request, including but not limited to whether the request was granted or denied; whether alternative accommodations were considered and/or provided; and whether the employee was terminated if the request was denied.

 (f) If Home Depot denied the request, the basis for the denial;

 (g) the name and position of all personnel involved in the decision; and

 (h) all documents related to the accommodation request.

15. Also for a period of two (2) years following entry of this Decree, Defendant shall maintain a record of all complaints (whether formal, informal, written, and/or spoken) of disability discrimination related to a request for a reasonable accommodation or retaliation for complaining about disability discrimination related to a request for a reasonable accommodation made by employees of the Peru Store and made known to the Regional Associate Relations Manager or District Human Resources Manager. Defendant shall instruct the Associate Support Department Supervisor for the Peru Store that if any such complaint is received by that individual, it must promptly be reported to the Regional Associate Relations Manager and/or the District Human Resources Manager. Such records shall include the following:

 (a) the name, address, and phone number of each employee making a complaint, or on whose behalf the complaint was made;

 (b) a description of each such employee's job, including the job title;

 (c) a description of each such employee's known disability(ies) (including copies of any reports of attending physicians or other medical personnel, or other doctor's

7

releases obtained or received by Home Depot, its agents, or third party benefits or leave administrators);

(d) Home Depot's response to any such complaint of discrimination or retaliation

(e) identification of the personnel who handled the employee's complaint of discrimination or retaliation; and

(f) all documents related to any such employee's complaint of discrimination or retaliation.

16. Defendant shall make all documents or records referred to in Paragraphs 14 and 15, above, available for inspection and copying within fourteen (14) calendar days after EEOC so requests.

## REPORTING

17. Defendant shall furnish to EEOC a written report every six (6) months after the entry of this Decree, for the duration of the Decree, with the last report due at the end of the 22nd month, as to requests for a reasonable accommodation and complaints of disability discrimination related to requests for a reasonable accommodation or retaliation related to complaining of disability discrimination related to requests for a reasonable accommodation, for those instances for which records are required to be maintained pursuant to Paragraphs 14 and 15.

With respect to requests for a reasonable accommodation referred to in Paragraph 14, each such report shall contain:

(a) For each employee who, in the last six (6) months (or four (4) months for the last report) requested a reasonable accommodation, each employee's name;

(b) a description of each employee's job, including job title;

  (c) a description of each employee's known disability(ies) (including copies of any reports of attending physicians or other medical personnel, or other documents reflecting doctor's restrictions or releases obtained or received by Home Depot, its agents, or third party benefits or leave administrators);

  (d) a description of the employee's request for accommodation;

  (e) Home Depot's response to each request, including but not limited to whether the request was granted or denied; whether alternative accommodations were considered and/or provided; and whether the employee was terminated if the request was denied.

  (f) if Home Depot denied the request, the basis for the denial; and

  (g) the name and position of all personnel involved in the decision.

Upon receipt and review of the report, the EEOC may request and Defendant shall provide the address and phone number for any individual identified pursuant to sub-paragraph (a) above.

With respect to complaints of disability discrimination related to requests for a reasonable accommodation or retaliation for complaining of disability discrimination related to requests for a reasonable accommodation, referred to in Paragraph 15, each such report shall contain:

  (a) For each employee who, in the last six (6) months (or four (4) months for the last report) complained of disability discrimination related to a request for a reasonable accommodation or retaliation for complaining of disability discrimination related to a request for reasonable accommodation on whose behalf a complaint was made, each such employee's name;

  (b) a description of each such employee's job, including job title;

9

 (c) a description of each employee's known disability(ies) (including copies of any reports of attending physicians or other medical personnel, or other doctor's releases obtained or received by Home Depot, its agents, or third party benefits or leave administrators);

 (d) a copy and/or description of each employee's complaint of discrimination or retaliation (whether formal, informal, written, and/or spoken);

 (e) Home Depot's response to any such complaint of discrimination or retaliation; and

 (f) identification of the personnel who handled the employee's complaint of discrimination or retaliation.

Upon receipt and review of the report, the EEOC may request and Defendant shall provide the address and phone number for any individual identified pursuant to sub-paragraph (a) above.

If no employee made such a request or complaint, an officer or manager of Defendant shall submit a signed statement so stating. Each report shall also contain a statement signed by an officer or manager of Defendant that the Notices required to be posted by Paragraphs 6 and 12 above remained posted during the entire six (6) month period preceding the report (or four (4) months for the last report).

## **DISPUTE RESOLUTION**

18. If EEOC has reason to believe that Defendant is not complying with this Decree, EEOC shall so notify Defendant in writing. Defendant will then have seven (7) calendar days in which to achieve compliance or satisfy EEOC that there has been compliance. If Defendant does neither, EEOC shall have the right to apply to the Court for appropriate relief. If Defendant fails

10

to pay the monetary amount specified above within the time provided in Paragraph 8, however, the EEOC may apply directly to the Court for appropriate relief.

19. In resolving any dispute with regard to Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

## DURATION AND RETENTION OF JURISDICTION

20. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 18, above, remain unresolved, the term of the Decree shall be extended automatically (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

21. The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

22. Defendant agrees that it will not condition the receipt of monetary relief on the agreement of April Stevenson to: (a) maintain as confidential the facts and/or allegations underlying the charge, her complaints, or the terms of this Decree; (b) waive any statutory rights

11

to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

23. Defendant agrees it will provide a neutral reference limited to Stevenson's dates of employment and positions held when Stevenson directs prospective employers to Home Depot's toll-free employment verification service at www.theworknumber.com or 1 (800) 367-5690 and to provide Home Depot's Company code for this service which is 87843. Stevenson may also obtain a Salary Key Authorization Number from the neutral reference call-in number, which Stevenson may provide at her discretion to potential employers seeking to verify salary information.

24. If any provision(s) of the Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

25. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer's or management employee's knowledge, information, and belief.

26. When this Decree requires notifications, reports, and communications to the parties, they shall be made in writing and hand-delivered, mailed, e-mailed, or faxed to the following: Home Depot Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Suite 2000, Chicago, Illinois 60661.

**SO ORDERED, ADJUDGED, and DECREED** on this 16 day of August 2018.

By the Court:

_____
The Hon. Robert Gettlemen
United States District Judge


Agreed to in form and content:

For Equal Employment Opportunity Commission:

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel


_____
GREGORY M. GOCHANOUR
Regional Attorney

_____
DIANE SMASON
Supervisory Trial Attorney

_____
ANN HENRY
Trial Attorney

_____
KELLY BUNCH
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661

For Defendant Home Depot U.S.A., Inc.:

_____
STEPHANIE AFERIAT
Associate General Counsel, Employment Law
The Home Depot / Home Depot U.S.A., Inc.
2455 Paces Ferry Rd. NW Bldg. C-20
Atlanta, GA 30339


_____
CRAIG R. THORSTENSON
Ford Harrison LLP
180 N. Stetson Ave., Suite 1660
Chicago, IL 60601

13

# EXHIBIT A

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. The Home Depot/Home Depot U.S.A., Inc.*, Case No 17-cv-06990 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against The Home Depot/Home Depot U.S.A., Inc. (Home Depot).

In its suit, EEOC alleged that the Defendant violated the Americans with Disabilities Act ("ADA") by failing to provide for the reasonable accommodation of a qualified individual with a disability and terminating her on the basis of her disability.

To resolve the case, the Defendant and EEOC have entered into a Consent Decree that provides, among other things, that:

1) Defendant will make a monetary payment to the disabled employee;

2) Defendant will provide reasonable accommodations to employees for disability-related breaks and will not terminate employees on the basis of disability;

3) Defendant will not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree; and

4) Defendant will provide training on the ADA to certain of its employees.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8009. EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for 2 (two) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Home Depot Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

August 16, 2018
Date

_____
The Honorable Judge Robert Gettleman

15

# EXHIBIT B

## **RELEASE AGREEMENT**

I, April Stevenson, in consideration for $100,000, payable to me by The Home Depot/Home Depot U.S.A., Inc. ("Home Depot"), in connection with the resolution of *EEOC v. The Home Depot/Home Depot U.S.A., Inc.*, Case No 17-cv-06990 (N.D. Ill.), waive my right to recover for any claims of disability discrimination arising under the Americans with Disabilities Act that I had against Home Depot prior to the date of this release and that were included in the claims alleged in EEOC's complaint in this case.

Date: _____          Signature: _____